IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

APR 0 9 2010

GREGORY C. LANGHAM
CLERK

Civil Action No. 10-cv-00689-BNB

JESUS HECTOR PALMA-SALAZAR,

    Applicant,

v.

BLAKE DAVIS, Warden, United States Penitentiary Administrative Maximum Facility, Florence, Colorado, and
FEDERAL BUREAU OF PRISONS,

    Respondents.

## ORDER DIRECTING APPLICANT TO FILE AMENDED PLEADING

Applicant, Jesus Hector Palma-Salazar, is a prisoner in the custody of the United States Bureau of Prisons who currently is incarcerated at the United States Penitentiary Administrative Maximum (ADX) in Florence, Colorado. On March 24, 2009, Mr. Palma-Salazar filed, through counsel, an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. For the reasons stated below, Mr. Palma-Salazar will be ordered to file an amended pleading.

The Court has reviewed the application filed in this action and finds that the claims Mr. Palma-Salazar asserts are not habeas corpus claims. "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Mr. Palma-Salazar is not challenging the validity of his conviction or the execution of his sentence. Instead, he challenges

the conditions of his confinement. Specifically, Mr. Palma-Salazar complains that his transfer to ADX violated an extradition agreement because it increased the severity of his punishment on the basis of facts other than his conviction. He also complains that he was transferred to ADX without first receiving the requisite due process. Mr. Palma-Salazar asserts that he had a liberty interest in avoiding transfer to ADX because the conditions at ADX impose an atypical and significant hardship on him. As relief, Mr. Palma-Salazar requests a transfer to a lower security instution.

Generally, a prisoner's challenge to his conditions of confinement is cognizable in a civil rights action. *See, e.g., Richards v. Bellmon*, 941 F.2d 1015, 1018 (10th Cir. 1991). Therefore, because the claims Mr. Palma-Salazar raises in this action properly should be asserted in a civil rights action, he will be directed to file a Prisoner Complaint pursuant to 28 U.S.C. § 1331 and *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) if he wishes to pursue his claims in this action.

Mr. Palma-Salazar is reminded that he must allege specific facts in the Prisoner Complaint that demonstrate how each defendant he names personally participated in the asserted violations of his rights. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). In order for Mr. Palma-Salazar to state a claim in federal court, his "complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

Finally, the Court notes that Mr. Palma-Salazar has paid the $5.00 filing fee for a habeas corpus action. However, because the Court has determined that the claims Mr. Palma-Salazar is raising are not habeas corpus claims, the filing fee for this action is $350.00. *See* 28 U.S.C. § 1914(a). Mr. Palma-Salazar is required to pay the entire $350.00 filing fee because he is a prisoner. *See* 28 U.S.C. § 1915(b)(1). Therefore, Mr. Palma-Salazar will be ordered either to pay the remaining $345.00 immediately or to file a properly supported Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 and make monthly payments in accordance with § 1915(b)(2) until the filing fee is paid in full. Accordingly, it is

ORDERED that Mr. Palma-Salazar file **within thirty (30) days from the date of this order** an amended pleading that complies with this order. It is

FURTHER ORDERED that, **within thirty (30) days from the date of this order**, Mr. Palma-Salazar either pay the balance of the $350.00 filing fee or file a properly supported Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915. It is

FURTHER ORDERED that, if Mr. Palma-Salazar fails within the time allowed to file an amended pleading as directed in this order and either to pay the balance of the $350.00 filing fee or to file a properly supported motion seeking leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915, the action will be dismissed without further notice.

DATED April 9, 2010, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-00689-BNB

Frank J. Ragen
Attorney at Law
**DELIVERED ELECTRONICALLY**

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 4/9/10

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk