IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. **10-cv-00689-JLK-CBS**

**JESUS HECTOR PALMA-SALAZAR,**

    Plaintiff-Petitioner,

v.

**BLAKE DAVIS, WARDEN,**
United States Penitentiary
Administrative Maximum Facility,
Florence, Colorado

and

**FEDERAL BUREAU OF PRISONS,**

    Defendants-Respondents.

___

ORDER DENYING MOTION TO REINSTATE
___

KANE, J.

    Mr. Palma-Salazar is an extradited citizen of Mexico in the custody of the United States Bureau of Prisons at the United States Penitentiary Administrative Maximum (ADX) in Florence, Colorado. Palma-Salazar alleges that his confinement in ADX Florence is a violation of his rights under the Extradition Treaty between the United States and Mexico, and the United States Constitution. On March 24, 2010, he filed these complaints in an Application for Habeas Corpus under 22 U.S.C. § 2241, Doc. 1. Magistrate Judge Boland recharacterized the claim as a prisoner civil rights action under *Bivens*,[1] and Palma-Salazar filed an amended pleading on May

---

[1] *See Bivens v Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) (recognizing a federal common law cause of action for prisoner civil rights claims).

9.  Doc. 7.  Palma-Salazar's first amended pleading includes *Bivens* claims but also retains his demand for habeas corpus.  He seeks injunctive relief requiring the defendants to transfer him to a different Bureau of Prisons facility or release him.  On May 12, Judge Brimmer dismissed the habeas claim.  Order to Dismiss in Part, Doc. 8.  Palma-Salazar seeks to reinstate his habeas claim.

A prisoner civil rights action may be combined with a habeas petition, but joinder is not required.  *See Rhodes v Hannigan*, 12 F.3d 989, 991 (10th Cir. 1993) (ruling the failure to join a habeas claim to a prior prisoner civil rights action did not preclude the later claim) and *Wiggins v New Mexico State Supreme Court Clerk*, 664 F.2d 812, 816 (10th Cir. 1998) (same).  Since reinstatement is not required, I see no reason to overturn Judge Brimmer's decision.

Habeas and prisoners civil rights are two distinct issues.  If a prisoner attacks the fact or duration of his confinement, a habeas claim is the proper vehicle for redress.  *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).  However, if he attacks merely the conditions of his confinement, a civil rights suit is the appropriate channel.  *Id.* at 499.  It is therefore prudential to consider them in separate actions.

 Palma-Salazar is free to follow Judge Brimmer's guidance and file "a separate habeas corpus action" if he wishes. Order to Dismiss in Part, Doc. 8.  His motion to reinstate is, however, DENIED.

Dated: June 8, 2010.

/s/John L. Kane  
SENIOR U.S. DISTRICT JUDGE